NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AZUCENA P. OVALLE,**

*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2022-1000

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2989, Judge Joseph L. Falvey, Jr.

---

Decided:  June 12, 2023

---

AZUCENA P. OVALLE, Brownsville, TX, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before Dyk, Bryson, and Stark, *Circuit Judges*.

Per Curiam.

Azucena P. Ovalle appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a Board of Veterans' Appeals ("Board") decision denying service connection for the cause of death of veteran, Jose P. Ovalle. *Ovalle v. Tran*, No. 19-2989 (Vet. App. Jan. 25, 2021). Because Ms. Ovalle does not raise a colorable legal challenge to the Veterans Court decision, we *dismiss*.

## Background

Mr. Ovalle served in the U.S. Army from June 1958 to May 1960. He died on March 19, 2007. The death certificate lists the cause of Mr. Ovalle's death as "Respiratory Failure, Hepatic Cirrhosis, Portal Hypertension, Arterial Hypertension[, and] Part II Prostrate Hypertrophy." S.A. 106. At the time of his death, the Department of Veterans Affairs ("VA") had not determined he had a service-connected disability, nor did he have any pending claims before the VA.

Following Mr. Ovalle's death, in December 2007, Ms. Ovalle[1] filed a claim for service-connected death benefits.[2] Ms. Ovalle claims that Mr. Ovalle suffered from

---

[1]    The Veterans Court noted that there is conflicting evidence as to whether Ms. Ovalle is in fact Mr. Ovalle's surviving spouse. The VA has not challenged Ms. Ovalle's status as Mr. Ovalle's surviving spouse, and, other than noting the discrepancy in the evidence, the Veterans Court did not address the issue.

[2]    Ms. Ovalle also filed other claims which were denied, raising issues not relevant to this appeal.

psychiatric trauma from an injury sustained during combat that supposedly took place in Germany in 1958. Ms. Ovalle claims this psychiatric trauma led to his death from heart disease or organ failure.

The VA regional office (RO) denied Ms. Ovalle's claim. She appealed to the Board. In September 2018, after several remands, the Board upheld the denial of Ms. Ovalle's claim.

Ms. Ovalle appealed the Board decision to the Veterans Court, which in January 2021 affirmed the Board decision. The Veterans Court liberally construed Ms. Ovalle's appeal to assert (1) that the Board disregarded her lay testimony regarding Mr. Ovalle's medical conditions, and (2) that the VA violated its duty to assist and due process by failing to provide her materials in Spanish and by failing to assist her in obtaining Mr. Ovalle's service records. The Veterans Court rejected her arguments and affirmed the Board's decision. Ms. Ovalle appeals.

## DISCUSSION

Under 38 U.S.C. § 7292, we may review decisions of the Veterans Court only for a challenge to the validity or interpretation of a statute or regulation, or on constitutional grounds. Absent a constitutional issue, we lack jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

In her informal brief, Ms. Ovalle contends, as she did before the Veterans Court, that the Board failed to credit lay evidence of Mr. Ovalle's psychiatric symptoms and that, based on the evidence, the Board should have decided her case differently. We lack jurisdiction to review the factual findings made by the Board and affirmed by the Veterans Court.

Ms. Ovalle contends that the VA violated the duty to assist by refusing to provide her materials in Spanish and refusing to assist in obtaining Mr. Ovalle's service records. But, as the Veterans Court noted, Ms. Ovalle did not cite anything in the record indicating that she had informed the VA of her difficulty understanding English, and throughout the pendency of Ms. Ovalle's claim adjudication, she represented herself in English without apparent difficulty. As for Mr. Ovalle's service records, as the Veterans Court noted, the VA had in fact assisted Ms. Ovalle in trying to locate records, and "the reason Ms. Ovalle did not have those records was because they do not exist, not because VA failed in its statutory duty to provide them."  S.A. 11. There was no colorable argument that the VA violated its statutory duty to assist, nor does Ms. Ovalle establish a colorable due process violation.

We have considered Ms. Ovalle's remaining arguments and find them unpersuasive.

Because Ms. Ovalle raises no colorable claim of legal error, we dismiss.

## DISMISSED

COSTS

No costs.